## Varano, Appellant, v. Goodman.

Argued September 27, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*C. A. Davis,* of *Eckles & Davis,* for appellant, cited: King v. Brillhart, 271 Pa. 301; Petrie v. Myers, 269 Pa. 134; Reese v. France, 62 Pa. Superior Ct. 128.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee.

OPINION BY MR. JUSTICE FRAZER, November 26, 1928:

Plaintiff appeals from an order refusing to take off a compulsory nonsuit. Both the established facts in the case and the logical deductions therefrom require our affirmation of the judgment of the court below. Plaintiff sued in trespass to recover compensation for damages sustained by the death of her husband resulting from an automobile accident, and charging negligence on the part of defendant. The main facts and circumstances in the case are not questioned. On January 17, 1927, the husband of plaintiff, emerging from a store located on a paved public highway or street in Stowe Township, Allegheny County, proceeded to cross the thoroughfare. The surface of the street was at the time icy and slippery. When about ten feet from the unpaved sidewalk on the opposite side, he slipped and fell in the roadway. He was seen to fall by one Toapuzzano, the proprietor of the store he had just left, who hastened to the fallen man, reaching him as he still lay on the street. Seeing two automobiles approaching, Toapuzzano, as he testified, "flagged" the oncoming cars by extending his hand, with the result that the driver of the first car, noticing the signal, swerved toward the side of the roadway and avoided hitting Varano. The second car (defendant's), however, following close behind the

first, struck plaintiff's husband as he lay on the road-
way, inflicting injuries, as alleged in plaintiff's state-
ment of claim, "from the effects of which he contracted
pneumonia and died" nearly a month later. It is also
alleged that defendant was guilty of negligence "because
of his failure to use due care for pedestrians" and "by
disregarding a signal to stop," given by Toapuzzano.

Assuming the accident occured in the manner de-
scribed, was defendant chargeable with negligence? The
accident did not happen at a regular crossing place and
as to the speed of the automobile which struck Varano,
the only testimony appearing in the record is that "it
was a little fast"; and inasmuch as the place of the acci-
dent was not at a regular crossing place, the drivers of
the approaching automobiles were naturally not antici-
pating a necessity of stopping or even slowing down.
At the moment Toapuzzano gave his warning by extend-
ing his hand, the first approaching car was between
twenty and thirty-five feet distant from the prostrate
man, according to the witnesses. The driver of that car,
having an unobstructed view, saw the signal in time to
turn aside and avoid an accident. The driver of the
second car (defendant's) as the testimony of the plain-
tiff's witnesses plainly shows, was not in so favorable
a position. The two cars were running "one after the
other," only a short distance between them, with the
obvious result that the view of the driver of the second
car was wholly obstructed by the automobile directly in
front of him. Ignorant of the conditions ahead of the
vehicle preceding, and being unable to see either the
form of the man lying in the roadway or the signal of
the storekeeper, defendant, driving on the proper side of
the roadway, continued ahead as he had a right to do,
until his car was practically upon plaintiff's husband,
in fact too close to stop or diverge and avert a contact
with his body. His direct line of vision had been com-
pletely obstructed by the car in front, and he saw noth-
ing requiring him to stop or swerve aside. Further-

more, the time of day was a factor in preventing observance of the situation. It was late on a day in January, when there was, as testified, "a little bit of daylight, was not yet dark." From every angle, the testimony of plaintiff's witnesses precludes the possibility of defendant having been able to see the fallen man or the warning signal in time to avoid contact with his prostrate body. As there was no crossing at that point, defendant was not required to anticipate an accident or to take more than the usual and ordinary precautions. There is no evidence that he was not discharging this duty, and he certainly may not be charged with negligence in not preventing an accident it was humanly impossible for him to foresee.

The judgment of the court below is affirmed.